IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN DAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-2058-NJR |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, CHRISTINE BROWN, ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| and JEFF DENNISON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Kevin Dawson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint was dismissed for failure to state a claim, and the Court appointed counsel to file an amended complaint (Docs. 13 and 64). With the assistance of counsel, Plaintiff has now filed his Amended Complaint (Doc. 68). In the Amended Complaint, Plaintiff alleges Defendants were deliberately indifferent to his medical needs and his need for an accessible cell. He asserts claims against the defendants under the Eighth Amendment, as well as the Americans with Disabilities

1

Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.[1]

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). Having reviewed the allegations in the Amended Complaint, the Court finds that Plaintiff adequately sets forth viable claims against the defendants.

Accordingly, Count 1 shall proceed against Wexford, Jeff Dennison, and Christine Brown. Count 2 shall proceed against Jeff Dennison and Christine Brown. Counts 3 and 4 shall proceed against IDOC. The Clerk of Court shall prepare for Defendants Wexford Health Sources, Inc., Illinois Department of Corrections, Jeff Dennison, and Christine Brown: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[1] To the extent Plaintiff's Amended Complaint seeks a preliminary injunction, he has not filed a motion seeking such relief nor does he allege that he meets the requirements for a preliminary injunction. Any request for a preliminary injunction must be sought in a properly filed motion

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS SO ORDERED.**

**DATED:  5/7/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**